UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| MICHAEL SALDAÑA,<br>Individually and on behalf<br>of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>MISSION DRYWALL, INC., BOB MUTZ,<br>and DAVID ERNST,<br><br>*Defendants.* | Civil Action No. 5:18-cv-01060<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION<br>PURSUANT TO 29 U.S.C. § 216(b) |

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Michael Saldaña brings this action individually and on behalf of all others similarly situated (hereinafter "Plaintiff and the Putative Class Members") who worked for Mission Drywall, Inc. ("Mission Drywall"), Bob Mutz ("Mutz"), and/or David Ernst ("Ernst" and collectively "Defendants") at any time from three years preceding the filing of the Original Complaint through the final disposition of this matter, seeking all available relief, including compensation, liquidated damages, attorneys' fees, and costs, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19.

### I.
### OVERVIEW

1. This is a collective action brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19, to recover unpaid overtime wages and other applicable damages and penalties.

2. Plaintiff and the Putative Class Members are those similarly situated persons who worked for Defendants at any time from October 9, 2015 through the final disposition of this matter, and were not paid any overtime compensation in violation of federal law.

3. Defendants improperly classified Plaintiff and the Putative Class Members as independent contractors.

4. Plaintiff and the Putative Class Members routinely work (and worked) in excess of forty (40) hours per workweek, however, Plaintiff and the Putative Class Members were not paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

5. Defendants knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek.

6. The decision by Defendants not to pay overtime compensation to Plaintiff and the Putative Class Members was neither reasonable nor in good faith.

7. Plaintiff and the Putative Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA. Specifically, Plaintiff and the Putative Class Members were laborers responsible for installing and repairing drywall for Defendants and their customers.

8. Plaintiff and the Putative Class Members therefore seek to recover all unpaid overtime and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

9. Plaintiff also prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

## II.
## THE PARTIES

10. Plaintiff Michael Saldaña ("Saldaña") worked for Defendants during the relevant time period. Plaintiff Saldaña did not receive overtime for all hours worked in excess of forty (40) hours per workweek.[1]

11. The Putative Class Members are those similarly situated employees who worked for Defendants during the relevant time period and have been subjected to the same illegal pay system under which Plaintiff Saldaña worked and was paid.

12. Defendant Mission Drywall, Inc. ("Mission Drywall") is a Texas for-profit corporation, having its principal place of business in San Antonio, Texas, and may be served with process through its registered agent for service: **Bob Mutz, 5811 New Sulphur Springs Rd., San Antonio, Texas 78222.**

13. Defendant Bob Mutz is an Owner/Director of Mission Drywall and an employer as defined by 29 U.S.C. § 203(d). Along with Defendants Mission Drywall and David Ernst, Defendant Mutz employed and/or jointly employed Plaintiff and the Putative Class Members. Defendant Mutz may be served with process at: **5811 New Sulphur Springs Rd., San Antonio, Texas 78222, or wherever he may be found.**

14. Defendant David Ernst is an Owner/Director of Mission Drywall and an employer as defined by 29 U.S.C. § 203(d). Along with Defendants Mission Drywall and Bob Mutz, Defendant Ernst employed and/or jointly employed Plaintiff and the Putative Class Members. Defendant Ernst may be served with process at: **Route 5, Box 630, Floresville, Texas 78114, or wherever he may be found.**

---

[1] The written consent of Michael Saldaña is attached hereto as Exhibit "A."

15. Defendants are joint employers pursuant to 29 C.F.R. § 791.2. They have common ownership, oversight and control over Mission Drywall and Plaintiff and the Putative Class Members. As a result, all Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA, including the overtime provisions, with respect to the entire employment for the workweeks at issue in this case.

## III.
## JURISDICTION & VENUE

16. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

17. This Court has personal jurisdiction over Defendants because the cause of action arose within this District as a result of Defendants' conduct within this District.

18. Venue is proper in the Western District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

19. Specifically, Defendants have maintained a working presence in San Antonio, Texas and Plaintiff and the Putative Class Members performed work for Defendants in Bexar County, Texas, all of which are located in this District and Division.

20. Venue is therefore proper in this District pursuant to 28 U.S.C. § 1391.

## IV.
## ADDITIONAL FACTS

21. Defendants operate a drywall installation and repair business that provides services to customers throughout Central Texas and surrounding areas.

22. To provide their services, Defendants employed (and continue to employ) numerous workers—including Plaintiff and the Putative Class Members. While exact job titles may differ, these employees were subjected to the same or similar illegal pay practices for similar work.

23. Plaintiff and the Putative Class Members' primary job duties consisted of performing general labor related to drywall, including installing and repairing drywall for Defendants and their customers.

24. Plaintiff Saldaña was employed by Defendants as a laborer from approximately September 2012 until August 2018.

25. Plaintiff and the Putative Class Members were (and are) non-exempt employees paid an hourly rate but no overtime.

26. Specifically, Plaintiff Saldaña was paid an hourly rate, but did not receive overtime compensation at the required rate of time-and-one-half for all hours worked over forty (40) each workweek.

### Defendants are Joint Employers under the FLSA

27. Defendants are joint employers pursuant to 29 C.F.R. § 791.2.

28. Defendants directly or indirectly hired Plaintiff and the Putative Class Members, controlled their work schedules and conditions of employment, and determined the rate and method of the payment of wages.

29. Defendants maintained control, oversight, and direction over Plaintiff and the Putative Class Members, including the promulgation and enforcement of policies affecting the payment of wages for overtime compensation.

30. Defendants mutually benefitted from the work performed by Plaintiff and the Putative Class Members.

31. Defendants did not act entirely independently of each other and have not been completely disassociated with respect to the work of Plaintiff and the Putative Class Members.

32. Specifically, Plaintiff Saldaña received daily direction from Defendants Mutz and Ernst about tasks he was to perform for Defendants, including how to perform those tasks and when the tasks were due.

33. Defendants Mutz and Ernst also told Plaintiff Saldaña how much and what type of material to use for the tasks they assigned him.

34. Defendants Mutz and Ernst also scheduled Plaintiff Saldaña's appointments.

35. Defendants acted directly or indirectly in the interest of each other in relation to Plaintiff and the Putative Class Members.

36. Specifically, Defendants dictated the routine and goals that needed to be done in order to meet the goals of the respective Defendants or their customers.

37. Moreover, all Defendants had the power to hire and fire Plaintiff and the Putative Class Members; supervise and control Plaintiff and the Putative Class Members' work schedules and conditions of their employment; determine their rate and method of payment; and, maintain their employment records.

38. Specifically, Defendants Mutz and Ernst jointly interviewed Plaintiff Saldaña and both participated in the interview.

39. As a result, all Defendants are responsible, both individually and jointly, for compliance with all of the applicable provisions of the FLSA, including the overtime provisions, with respect to the entire employment for the workweeks at issue in this case.

**Plaintiff and the Putative Class Members are Employees; Not Independent Contractors**

40. Plaintiff and the Putative Class Members' primary job duties included performing daily tasks related to the installation and repair of drywall, all of which were (and continue to be) assigned by Defendants.

41. Plaintiff and the Putative Class Members would conduct their day-to-day activities within designed parameters and in accordance with pre-determined operational plans coordinated by Defendants.

42. Plaintiff and the Putative Class Members' daily and weekly activities were routine and largely governed by standardized plans and procedures set by Defendants.

43. Virtually every job function was pre-determined by Defendants, including how to perform the tasks set by Defendants, the schedule of work, and related work duties.

44. In fact, Plaintiff and the Putative Class Members were prohibited from varying their job duties outside of the predetermined parameters.

45. Moreover, Plaintiff and the Putative Class Members' job functions were primarily routine and manual labor in nature, requiring little to no official training, much less a college education or other advanced degree.

46. Indeed, Plaintiff and the Putative Class Members are blue-collar workers. They rely on their hands, physical skills, and energy to perform manual and routine labor.

47. Plaintiff and the Putative Class Members' duties did not (and currently do not) include the exercise of independent discretion or judgment.

48. Plaintiff and the Putative Class Members' duties did not (and currently do not) concern work directly related to the management or general business operations of Defendants.

49. Defendants determined the hours Plaintiff and the Putative Class Members worked.

50. Defendants determined the clients Plaintiffs and the Putative Class serviced.

51. Defendants set Plaintiff and the Putative Class Members' pay and controlled the number of hours they worked.

52. Defendants set all employment-related policies applicable to Plaintiff and the Putative Class Members.

53. Defendants maintained control over pricing and marketing. Defendants also chose equipment and product suppliers.

54. Defendants required Plaintiff Saldaña to represent Mission Drywall as a Mission Drywall employee at job sites.

55. Defendants owned or controlled the materials and supplies Plaintiff and the Putative Class Members used to perform their work.

56. Defendants had the power to hire and fire Plaintiff and the Putative Class Members.

57. Defendants made all personnel and payroll decisions with respect to Plaintiff and the Putative Class Members, including but not limited to, the decision to pay Plaintiff and the Putative Class Members an hourly rate with no overtime pay.

58. Defendants reimbursed Plaintiff and the Putative Class Members for expenses and bought or provided the materials Plaintiff and the Potential Class Members used.

59. Plaintiff and the Putative Class Members did not employ their own workers.

60. Plaintiff and the Putative Class Members worked for Defendants on a permanent full-time basis.

61. Defendants, instead of Plaintiff and the Putative Class Members, made the large capital investments in vehicles, buildings, equipment, and supplies. Moreover, Defendants paid operating expenses like rent, payroll, marketing, insurance, and bills.

62. Plaintiff and the Putative Class Members relied on Defendants for their work. Defendants did not permit Plaintiff and the Putative Class Members to market any business or services of their own.

63. Plaintiff and the Putative Class Members worked the hours assigned by Defendants, performed duties assigned by Defendants, worked on projects assigned by Defendants, and worked for the benefit of Defendants' customers.

64. Defendants paid Plaintiff and the Putative Class Members on a weekly basis. Plaintiff and the Putative Class Members did not earn a profit based on any business investment of their own.

65. Defendants improperly classified Plaintiff and the Putative Class Members as independent contractors. The classification was improper because Plaintiff and the Putative Class Members were not in business for themselves. Instead, they were economically dependent upon Defendants for their work.

66. The FLSA mandates that overtime be paid at one and one-half times an employee's regular rate of pay.

67. Defendants denied Plaintiff and the Putative Class Members overtime pay as a result of a widely applicable, illegal pay practice. Plaintiff and the Putative Class Members regularly worked in excess of forty (40) hours per week but never received overtime compensation.

68. Defendants applied this pay practice despite clear and controlling law that states that Plaintiff and the Putative Class Members were non-exempt employees and not independent contractors.

69. Accordingly, Defendants' pay policies and practices blatantly violated (and continue to violate) the FLSA.

# V.
# CAUSE OF ACTION

## A. FLSA COVERAGE

70. All previous paragraphs are incorporated as though fully set forth herein.

71. The FLSA Collective is defined as:

**ALL HOURLY WORKERS WHO WORKED FOR MISSION DRYWALL, INC., BOB MUTZ AND/OR DAVID ERNST, AT ANY TIME FROM OCTOBER 9, 2015 THROUGH THE FINAL DISPOSITION OF THIS MATTER, AND DID NOT RECEIVE OVERTIME FOR ALL HOURS WORKED OVER FORTY IN ANY WORKWEEK ("FLSA Collective" or "FLSA Collective Members").**

72. At all times hereinafter mentioned, Defendants have been joint employers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

73. At all times hereinafter mentioned, Defendants have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

74. At all times hereinafter mentioned, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

75. During the respective periods of Plaintiff and the FLSA Collective Members' employment by Defendants, these individuals provided services for Defendants that involved interstate commerce for purposes of the FLSA.

76. In performing the operations hereinabove described, Plaintiff and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

77. Specifically, Plaintiff and the FLSA Collective Members are (or were) **<u>non-exempt</u>** employees who worked for Defendants and were engaged in installing and repairing drywall for Defendants and their customers. 29 U.S.C. § 203(j).

78. At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

79. In violating the FLSA, Defendants acted willfully, without a good faith basis and with reckless disregard of applicable federal law.

80. The proposed collective of similarly situated employees, i.e. putative collective members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 71.

81. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Defendants.

**B. FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FLSA**

82. All previous paragraphs are incorporated as though fully set forth herein.

83. Defendants violated provisions of Sections 7 and 15 of the FLSA, 29 U.S.C. §§ 207, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for hours worked in excess of forty (40) per workweek at rates at least one and one-half times the regular rate.

84. Plaintiff and the FLSA Collective Members have suffered damages and continue to suffer damages as a result of Defendants' acts or omissions as described herein; though Defendants are in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

85. Moreover, Defendants knowingly, willfully and in reckless disregard carried out their illegal pattern of failing to pay Plaintiff and other similarly situated employees overtime at the proper rate. 29 U.S.C. § 255(a).

86. Defendants knew or should have known their pay practices were in violation of the FLSA.

87. Defendants are sophisticated parties and joint employers, and therefore knew (or should have known) their policies were in violation of the FLSA.

88. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated laborers who trusted Defendants to pay overtime at the proper rate in accordance with the law.

89. The decision and practice by Defendants to not pay overtime at the proper rate was neither reasonable nor in good faith.

90. Accordingly, Plaintiff and the Putative Class Members are entitled to be paid overtime wages for all hours worked in excess of forty (40) in a workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

**C.    FLSA COLLECTIVE ACTION ALLEGATIONS**

91. All previous paragraphs are incorporated as though fully set forth herein.

92. Pursuant to 29 U.S.C. § 216(b), this collective claim is made on behalf of all those who are (or were) similarly situated to Plaintiff.

93. Other similarly situated employees have been victimized by Defendants' patterns, practices, and policies, which are in willful violation of the FLSA.

94. The FLSA Collective Members are defined in Paragraph 71.

95. Defendants' failure to pay overtime at the proper rate results from generally applicable policies and practices, and does not depend on the personal circumstances of the individual FLSA Collective Members.

96. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

97. The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

98. All the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated for all hours worked and overtime at the proper rate.

99. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts. Indeed, the FLSA Collective Members are blue-collar workers entitled to be paid overtime for all hours worked over forty (40) each week.

100. Defendants have employed a substantial number of similarly situated individuals since October 9, 2015. Upon information and belief, these workers are geographically dispersed, residing and working in locations across the State of Texas (and perhaps the United States).

101. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Defendants will retain the proceeds of their rampant violations.

102. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

103. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 71 and notice should be promptly sent.

## VI.
## RELIEF SOUGHT

104. Plaintiff respectfully pray for judgment against Defendants as follows:

   a. For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA, certifying the FLSA Collective as defined in Paragraph 71 and requiring

Defendants to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

      b.      For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

      c.      For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

      d.      For an Order awarding the costs and expenses of this action;

      e.      For an Order awarding attorneys' fees;

      f.      For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

      g.      For an Order awarding the Plaintiff a service award as permitted by law;

      h.      For an Order compelling the accounting of the books and records of Defendants, at Defendants' own expense; and

      i.      For an Order granting such other and further relief as may be necessary and appropriate.

Date: October 9, 2018                    Respectfully submitted,

**ANDERSON ALEXANDER, PLLC**

By:     /s/ *Clif Alexander*
        **Clif Alexander**
        Texas Bar No. 24064805
        clif@a2xlaw.com
        **Lauren E. Braddy**
        Texas Bar No. 24071993
        lauren@a2xlaw.com
        **Alan Clifton Gordon**
        Texas Bar No. 00793838
        cgordon@a2xlaw.com
        **Carter T. Hastings**
        Texas Bar No. 24101879
        carter@a2xlaw.com
        **George Schimmel**
        Texas Bar No. 24033039
        geordie@a2xlaw.com
        819 N. Upper Broadway
        Corpus Christi, Texas 78401
        Telephone: (361) 452-1279
        Facsimile: (361) 452-1284

        ***Attorneys for Plaintiff and the Putative Class Members***